UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ADAM LYNN,

                      Plaintiff,

        -against-

JACOB NAMER, LUCAS ROBAK, PROOF BAR AND
LOUNGE, DISCO SUSHI, INC., and CONCEPT II, INC.

                      Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**08 CV 8171**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff ADAM LYNN, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PARTIES

       1.      Plaintiff ADAM LYNN, is a citizen of the State of New Jersey, residing at 77 Park Avenue, Hoboken, New Jersey.

       2.      Upon information and belief, JACOB NAMER, is a citizen of the State of New York, residing at 43 West 9th Street, New York, New York.

       3.      Upon information and belief, LUCAS ROBAK, is a citizen of the State of New York, residing at 100 Oakfield Avenue, Dix Hills, New York.

       4.      Upon information and belief, PROOF BAR AND LOUNGE, was and is a business entity operating a business in the State of New York, having its principal offices at 239 Third Avenue, New York, New York.

       5.      Upon information and belief, DISCO SUSHI, INC., was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating a

business in the State of New York, having its principal offices at 133 West 25th Street, New York, New York.

6. Upon information and belief, CONCEPT II, INC., was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating a business in the State of New York, having its principal offices at 239 Third Avenue, New York, New York.

7. Upon information and belief, the business establishment located at 239 Third Avenue, New York, New York known as Proof Bar and Lounge, is owned, operated managed and controlled by PROOF BAR AND LOUNGE (hereinafter "PROOF"), CONCEPT II, INC. (hereinafter "CONCEPT") and DISCO SUSHI, INC. (hereinafter "DISCO"), and exists solely for the purpose of serving and furthering the business interests of PROOF, CONCEPT and DISCO.

## JURISDICTION AND VENUE

8. Jurisdiction arises under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum specified by 28 U.S.C. § 1332 and the parties are citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

## VENUE

9. Venue is properly laid in this District by virtue of 28 U.S.C. § 1391(a), in that this is the District in which the subject incident occurred.

## JURY DEMAND

10. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## FACTS

11. That at all times hereinafter mentioned Plaintiff was and still is a resident of the County of Hudson, State of New Jersey.

12. The incident which is the basis of the within action took place in the City, County and State of New York.

13. On November 24, 2007, at approximately 12:30 a.m., plaintiff ADAM LYNN was lawfully present inside of 239 Third Avenue, New York County, State of New York, said location is a business establishment known as Proof Bar and Lounge.

14. At the aforesaid time and place plaintiff was on the lower level of said business establishment with several other individuals.

15. At the aforesaid time and place, plaintiff was approached by defendant JACOB NAMER and defendant LUCAS ROBAK, who surrounded the plaintiff preventing him from moving.

16. At this point defendant LUCAS ROBAK held the plaintiff, and defendants JACOB NAMER and LUCAS ROBAK, suddenly and without provocation struck plaintiff with their fists several times in the face and body.

17. While the aforementioned beating was taking place there were no security personnel present at the aforesaid location, and despite the plaintiff's efforts to escape and call for help, no security or safety personnel made any attempt to prevent the beating from occurring nor did any security or safety personnel intervene to stop the beating of plaintiff.

18. As a result of the aforementioned, the plaintiff ADAM LYNN was caused to suffer severe physical injury which required immediate and continuing medical attention.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BATTERY AGAINST DEFENDANT JACOB NAMER

19.     Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20.     At the aforesaid time and place, plaintiff was approached by defendant JACOB NAMER, at which point JACOB NAMER struck plaintiff with a closed fist several times in the face and body.

21.     Said physical contact made by defendant JACOB NAMER with plaintiff was harmful and offensive and at no time did plaintiff consent to any physical contact whatsoever.

22.     At the aforesaid time and place defendant JACOB NAMER intended to and did in fact cause the aforementioned contact to occur, which did result in plaintiff sustaining physical injuries which required immediate and continued medical attention.

## AS AND FOR A SECOND CAUSE OF ACTION FOR BATTERY AGAINST DEFENDANT LUCAS ROBAK

23.     Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24.     At the aforesaid time and place, plaintiff was approached by defendant LUCAS ROBAK, at which point LUCAS ROBAK struck plaintiff with a closed fist several times in the face and body.

25.     Said physical contact made by defendant LUCAS ROBAK with plaintiff was harmful and offensive and at no time did plaintiff consent to any physical contact whatsoever.

26. At the aforesaid time and place defendant LUCAS ROBAK intended to and did in fact cause the aforementioned contact to occur, which did result in plaintiff sustaining physical injuries which required immediate and continued medical attention.

## AS AND FOR A THIRD CAUSE OF ACTION FOR ASSAULT AGAINST DEFENDANT JACOB NAMER

27. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. At the aforesaid time and place defendant JACOB NAMER's actions placed plaintiff in reasonable apprehension of immediate harmful contact.

29. At the aforesaid time and place defendant JACOB NAMER intended to and did in fact cause the aforementioned apprehension of immediate harmful contact in plaintiff ADAM LYNN.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR ASSAULT AGAINST DEFENDANT LUCAS ROBAK

30. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. At the aforesaid time and place defendant LUCAS ROBAK's actions placed plaintiff in reasonable apprehension of immediate harmful contact.

32. At the aforesaid time and place defendant LUCAS ROBAK intended to and did in fact cause the aforementioned apprehension of immediate harmful contact in plaintiff ADAM LYNN.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE IMPRISONMENT AGAINST DEFENDANT JACOB NAMER

33. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. At the aforesaid time and place defendant JACOB NAMER's actions restrained and confined plaintiff to a small area located in the lower floor of the aforementioned location.

35. Plaintiff was aware of said confinement but despite his efforts to escape, defendant JACOB NAMER prevented his escape such that no reasonable means of escape was known to plaintiff.

36. At the aforesaid time and place defendant JACOB NAMER intended to and did in fact cause plaintiff to be restrained and confined in said area and plaintiff was harmed by said confinement.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR FALSE IMPRISONMENT AGAINST DEFENDANT LUCAS ROBAK

37. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. At the aforesaid time and place defendant LUCAS ROBAK's actions restrained and confined plaintiff to a small area located in the lower floor of the aforementioned location.

39. Plaintiff was aware of said confinement but despite his efforts to escape, defendant LUCAS ROBAK prevented his escape such that no reasonable means of escape was known to plaintiff.

40. At the aforesaid time and place defendant LUCAS ROBAK intended to and did in fact cause plaintiff to be restrained and confined in said area and plaintiff was harmed by said confinement.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT JACOB NAMER

41. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. The above-described conduct of defendant JACOB NAMER was outrageous, atrocious, so extreme in degree to go beyond all possible bounds of decency, and utterly intolerable in a civilized community.

43. Defendant JACOB NAMER's conduct was intentional, wanton and reckless and was done with a total disregard of the risks to plaintiff's health and safety.

44. As a direct and proximate result of the acts alleged above, plaintiff suffered severe emotional distress, humiliation, mental anguish, and physical distress.

45. The acts of defendants alleged above were willful, wanton, flagrant, malicious, oppressive, and performed with a total disregard for plaintiff's health safety and welfare, and justify the award of punitive damages.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT LUCAS ROBAK

46. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. The above-described conduct of defendant LUCAS ROBAK was outrageous, atrocious, so extreme in degree to go beyond all possible bounds of decency, and utterly intolerable in a civilized community.

48. Defendant LUCAS ROBAK's conduct was intentional, wanton and reckless and was done with a total disregard of the risks to plaintiff's health and safety.

49. As a direct and proximate result of the acts alleged above, plaintiff suffered severe emotional distress, humiliation, mental anguish, and physical injuries.

50. The acts of defendants alleged above were willful, wanton, flagrant, malicious, oppressive, and performed with a total disregard for plaintiff's health safety and welfare, and justify the award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION FOR LIABILITY UNDER THE DRAM SHOP ACT AGAINST DEFENDANTS PROOF, DISCO AND CONCEPT

51. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52. That at all times hereinafter mentioned, the plaintiff was a lawful patron and member of the general public in Proof Bar and Lounge.

53. That at all times hereinafter mentioned, defendants JACOB NAMER and LUCAS ROBAK were patrons at Proof Bar and Lounge.

54. At the aforementioned time and place defendants, individually and/or collectively, its agents, servants and/or employees owned, operated, controlled and managed a saloon/bar located at 239 Third Avenue, New York, New York, known as Proof Bar and Lounge, which engages in the commercial sale of alcohol and is open to the general public.

55. That at all times hereinafter mentioned, the general public was invited for the purpose of obtaining alcoholic beverages for compensation to be paid to the defendants at its premises, located at 239 Third Avenue, County, City and State of New York.

56. Upon information and belief that at all times herein mentioned, the business at this premises know as Proof Bar and Lounge so conducted by defendants, their agents, servants and/or employees consisted of the sale, among other things, of intoxicating beverages as authorized, licensed and approved by the Alcohol Beverage Control Board of New York, and other governmental agencies created for that purpose.

57. Upon information and belief, on November 24, 2007 defendants JACOB NAMER and LUCAS ROBAK became intoxicated as patrons within Proof Bar and Lounge, having consumed therein alcoholic beverages.

58. At the aforementioned time and place defendants, their agents, servants and/or employees sold additional alcoholic beverages to defendants JACOB NAMER and LUCAS ROBAK knowing LUCAS ROBAK and JACOB NAMER were under the influence of intoxicants and the effects intoxicants had upon them, thereby directly contributing to and causing their intoxication.

59. At the time of the aforementioned sale of alcohol both defendant JACOB NAMER and LUCAS ROBAK were visibly intoxicated.

60. Following the aforementioned sale of alcohol both defendant JACOB NAMER and LUCAS ROBAK consumed said alcoholic beverages.

61. Thereafter, the acts of defendants JACOB NAMER and LUCAS ROBAK described herein, which caused physical and emotional injury to plaintiff, occurred directly as a result of the intoxication of defendants JACOB NAMER and LUCAS ROBAK, said intoxication

resulted solely from the intoxicating and alcoholic beverages sold to him by said defendants, their agents, servants and/or employees.

62. That at all times hereinafter mentioned, there was in full force and effect a certain statute of the State of New York, commonly known as the Dram Shop Act; General Obligations Law § 11-101 and Alcohol Beverage Control Law § 65.

63. That plaintiff brings this action pursuant to said statutes, General Obligations Law § 11-101 and Alcohol Beverage Control Law § 65, in that defendants, their agent, servants and/or employees, all within the meaning of and in direct violation of said statutes (a) furnished defendants JACOB NAMER and LUCAS ROBAK with liquor contributing to their intoxication; (b) caused the intoxication of defendants JACOB NAMER and LUCAS ROBAK; (c) produced the intoxication of defendants JACOB NAMER and LUCAS ROBAK, which was the proximate, direct, as well as, remote cause of the violence that resulted in plaintiff's severe personal injuries.

## AS AND FOR A TENTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS PROOF, DISCO AND CONCEPT

64. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

65. At the aforementioned time and place defendants owned, operated, managed and controlled a restaurant and bar located at 239 Third Avenue, County, City and State of New York, which exists for the purpose of holding functions and providing restaurant and bar services to the general public, inviting the general public onto its premises.

66. At the aforementioned time and place plaintiff ADAM LYNN was an invitee at defendants' premises.

67. Defendants owed a duty of care to its invitees, guests and patrons to ensure their safety while on the aforementioned premises.

68. That it was reasonably foreseeable that fights and or disruptions would take place inside said premises and the defendants owed a duty to its patrons and invitees to have adequate safety procedures and security measures in place to protect its patrons against said fights or disruptions.

69. That at the aforementioned time and place defendants breached their duty of care to plaintiff by failing to provide adequate security measures in the lower level of its premises.

70. As a result of defendants' negligence, plaintiff was caused to suffer severe physical and emotional injuries.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS PROOF, DISCO AND CONCEPT

71. Plaintiff ADAM LYNN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" with the same force and effect as if fully set forth herein.

72. At the aforementioned time and place defendants owned, operated, managed and controlled a restaurant and bar located at 239 Third Avenue, County, City and State of New York, which exists for the purpose of holding functions and providing restaurant and bar services to the general public, inviting the general public onto its premises.

73. At the aforementioned time and place plaintiff ADAM LYNN was an invitee at defendants' premises.

74. That defendant DISCO owed a duty of care to supervise the security personnel employed by defendants and ensure that said security personnel was properly implementing the

security measures in place, if any, to protect the safety of the invitees, guests and patrons on defendants' premises.

75. That it was reasonably foreseeable that fights and or disruptions would take place inside said premises and that defendants owed a duty to the invitees, guests and patrons to supervise its security personnel, if any, and ensure that defendants security personnel adequately and appropriately executed the safety measures and procedures in place, if any, to protect against said fights or disruptions.

76. That at the aforementioned time and place defendants breached their duty of care to plaintiff by failing to adequately supervise and monitor the security personnel on defendants' premises.

77. As a result of defendants' negligent supervision, plaintiff was caused to suffer severe physical and emotional injuries.

78. That at all times hereinafter mentioned, the defendants, individually and jointly and severally, through their acts, intentional, reckless and negligent, caused plaintiff to suffer severe physical and emotional injuries.

79. This action falls within one or more of the exceptions set forth in C.P.L.R. Section 1602.

80. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ADAM LYNN demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
September 19, 2008

BY:_____/S_____
JOSHUA P. FITCH (JF-2813)
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115

Case 1:08-cv-08171-AJP   Document 1   Filed 09/23/08   Page 14 of 14